**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────

**RAHJEEM WILLIAMS,**

               Plaintiff,               07 Civ. 2182 (JGK)

    - against -               **MEMORANDUM OPINION**
                                                        **AND ORDER**
**CORCORAN,**

               Defendant.
────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    This is a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2254 brought by Rahjeem Williams who challenges his conviction for Criminal Possession of a Controlled Substance in the Third Degree. For the reasons explained below, the petition is dismissed without prejudice.

**I.**

    By Bronx County Indictment No. 5331-03, a Grand Jury charged the petitioner with four drug related offenses in violation of the New York Penal Law. (See Indictment, Dec. 10, 2003, Killian Affidavit in Opp'n, Nov. 2, 2007 ("Killian Aff."), Ex. 1.)

    During the trial, two charges were dismissed. (See Memorandum dated Sept. 9, 2005, Killian Aff., Ex. 4.) On July 7, 2005 a jury found the petitioner guilty of Criminal Possession of a Controlled Substance in the Third Degree in violation of New York Penal Law § 220.16(1) but could not reach a verdict as

to the count of Criminal Sale of a Controlled Substance in the Third Degree in violation of New York Penal Law § 220.39(1). (Killian Aff., Ex. 5.) Subsequently, the court granted the State's motion to dismiss the Criminal Sale of a Controlled Substance count. (Id.)

On September 26, 2005, following the denial of a motion to vacate the conviction, the petitioner was sentenced as a second felony offender to four and one-half to nine years imprisonment. (See Sentence and Commitment, Sept. 26, 2005, Killian Aff., Ex. 6.)

On October 14, 2005, the petitioner filed a motion to vacate pursuant to New York Criminal Procedure Law § 440.10. (See Notice of § 440.10 Motion, Oct. 14, 2005, Killian Aff., Ex. 7.) On January 19, 2006, the trial court denied the petitioner's motion without prejudice stating that the petitioner had an appeal pending in the Appellate Division, First Department. (See Order of Judge Bruce, Jan. 19, 2006, Killian Aff., Ex. 8.) On February 10, 2006, the petitioner sought leave to appeal the trial court's ruling on his 440.10 Motion; the application was denied on November 16, 2006. (See Killian Aff., Exs. 8, 10.) On December 14, 2006, Justice Graffeo dismissed an application to appeal the Appellate Division's denial to the New York Court of Appeals. (See Killian Aff., Ex. 12.)

On January 2, 2007, the petitioner filed a motion to set aside his sentence pursuant to New York Criminal Procedure Law § 440.20. (See Killian Aff., Ex. 13.) The trial court denied the motion without prejudice on March 8, 2007. (See Killian Aff., Ex. 15.)

The petitioner appealed his conviction to the Appellate Division, First Department. On November 15, 2005, the Appellate Division, First Department, granted the petitioner's application for leave to prosecute his appeal *in forma pauperis* and appointed counsel for the petitioner. (See Order M-5418, Nov. 27, 2007, Killian Supp. Affidavit in Opp'n to petitioner's Addendum, Ex. 1.) On November 27, 2007, the Appellate Division, First Department, granted the petitioner's motion for the assignment of new counsel and continued the petitioner's appeal *in forma pauperis*. (See id.) The Appellate Division, First Department, instructed the petitioner to perfect his appeal within 120 days from the date of the November 27, 2007 order or the filing of the record, whichever is later. (See id.)

## II.

In the current petition, the petitioner raises numerous challenges to his conviction including challenges to the indictment, the validity of his arrest, the sufficiency of the evidence, and the legality of the sentence. Because the petitioner failed to exhaust his state court remedies with

3

respect to the claims made in his habeas petition, the petition is dismissed without prejudice. A petitioner in a habeas corpus proceeding must exhaust all available state court remedies for each claim prior to federal review. See 28 U.S.C. § 2254(b),(c); Daye v. Attorney General of New York, 696 F.2d 186, 190 (2d Cir. 1982) (en banc); Caballero v. Keane, 42 F.3d 738, 740 (2d Cir. 1994). The exhaustion requirement requires the petitioner to have fairly presented in state court the claims which are raised in the habeas petition. See Picard v. O'Connor, 404 U.S. 270, 275-76 (1971); Gonzalez v. Sullivan, 934 F.2d 419, 422 (2d Cir. 1991). Because the petitioner's appeal is pending in the Appellate Division, First Department, he has failed to meet the minimum exhaustion requirement.

Alternatively, the respondent urges that the Court should deny the petition on the merits because the claims are baseless. Under the provisions of Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Whether to consider and deny an unexhausted claim is within the Court's discretion. See Glover v. Portuondo, No. 96 Civ. 7616, 1999 WL 349936, *6-7 (S.D.N.Y. May 28, 1999); Terrence v. Senkowski, No. 97 Civ. 3242, 1999 WL 301690, *5 n. 4 (S.D.N.Y. May 12, 1999);

Rodriguez v. Miller, No. 96 Civ. 4723, 1997 WL 599388, *3 (S.D.N.Y. Sept. 29, 1997); Ojeda v. Artuz, No. 96 Civ. 5900, 1997 WL 283398, *3 n. 5 (S.D.N.Y. May 29, 1997).

In this case, the Court declines to adjudicate the petitioner's unexhausted claims on the merits. Some of the petitioner's arguments are unclear, and it would be useful to have a decision from the state court to develop the record.

Moreover, if this court were to adjudicate the petitioner's claims on an incomplete record the petitioner could be barred from returning to federal court after his state appeal. Under AEDPA, a state prisoner who has previously filed a habeas petition must obtain authorization from the court of appeals to file a "second or successive" habeas petition in the district court. See 28 U.S.C. § 2244(b)(3)(A); Gandarilla v. Artuz, 322 F.3d 182, 185 (2d Cir. 2003). No "second or successive" petition is allowed with respect to a claim "that was presented in a prior application." 28 U.S.C. § 2244(b)(1).

Because the petitioner's habeas petition is being dismissed without prejudice, once the petitioner has perfected his appeal in the Appellate Division, First Department, and the state courts have adjudicated the merits of his claims, the petitioner may pursue habeas relief. The filing of a habeas petition following a dismissal of a petition for failure to exhaust state court remedies is not a "second or successive" petition for the

purposes of the AEDPA. See Slack v. McDaniel, 529 U.S. 473, 478 (2000); Gandarilla, 322 F.3d at 185-86. Therefore, the petitioner will not be procedurally barred from filing a subsequent habeas petition.

## CONCLUSION

For the reasons stated above, the petitioner's petition for habeas corpus pursuant to 28 U.S.C. § 2254 is denied without prejudice. The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253 because the petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Clerk of this Court is directed to enter judgment and to close the case.

SO ORDERED.

Dated: New York, New York
February 8, 2008

_____
John G. Koeltl
United States District Judge